FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 26, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

OLGA C.-V.,[1]

                    Plaintiff,

        v.

FRANK BISIGNANO
COMMISSIONER OF SOCIAL
SECURITY,[2]

                    Defendant.

NO:  1:24-CV-03213-RLP

ORDER REVERSING AND
REMANDING THE
COMMISSIONER'S DECISION FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS

        BEFORE THE COURT is an appeal from an Administrative Law Judge

(ALJ) final decision denying disability income benefits under Title II and

supplemental security income under Title XVI of the Social Security Act. ECF No.

_____

        [1] Plaintiff's first name and last initial are used to protect her privacy.

        [2] Frank Bisignano became the Commissioner of Social Security on May 7,

2025. Pursuant to Rule 25(d) of the Rules of Civil Procedure, Frank Bisignano is

substituted for Leland Dudek as the Defendant in this suit.

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 1

8. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ committed harmful legal error in evaluating Ms. V.'s symptom testimony and the medical opinions. Therefore, Ms. V.'s brief, ECF No. 8, is granted and the Commissioner's brief, ECF No. 10, is denied.

## BACKGROUND

Ms. V. was 48 years old on the alleged onset date of December 31, 2020. Tr. 17, 27. She has work experience performing home care for her sister and daughter and watching her grandchildren. Tr. 45-49. Ms. V. testified she has not worked since 2020. Tr. 45.

Ms. V. filed this claim for disability insurance benefits and supplemental security income in July 2021. Tr. 286-98. The claim was denied initially and upon reconsideration. Tr. 153-62. Ms. V. appeared at a hearing in August 2023, and alleged she is unable to work primarily due to severe asthma. Tr. 42. She also has bipolar, depression, and anxiety. Tr. 44. She testified that she has difficulty breathing when there is smoke in the air, strong odors like cleaning products, or if she tries to walk for too long. Tr. 50-51. On December 21, 2023, the ALJ issued an unfavorable decision, Tr. 14-36, and the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

1

STANDARD OF REVIEW

2        This Court's review of a final decision of the Commissioner of Social Security

3  is governed by 42 U.S.C. § 405(g). The scope of review is limited; the

4  Commissioner's decision will be disturbed "only if it is not supported by substantial

5  evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir.

6  2012). If the evidence in the record "is susceptible to more than one

7  rational interpretation, [the Court] must uphold the ALJ's findings if they are

8  supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

9  F.3d 1104, 1111 (9th Cir. 2012).

10

FIVE-STEP EVALUATION PROCESS

11        A claimant must satisfy two conditions to be considered "disabled" within the

12  meaning of the Social Security Act. First, the claimant must be "unable to engage in

13  any substantial gainful activity by reason of any medically determinable physical or

14  mental impairment which can be expected to result in death or which has lasted or

15  can be expected to last for a continuous period of not less than twelve months."  42

16  U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must

17  be "of such severity that he is not only unable to do [his or her] previous work[,] but

18  cannot, considering [his or her] age, education, and work experience, engage in any

19  other kind of substantial gainful work which exists in the national economy."  42

20  U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

21

1    The Commissioner has established a five-step sequential analysis to determine

2    whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-

3    (v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial

4    gainful activity," the Commissioner must find that the claimant is not disabled. 20

5    C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the

6    severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii),

7    416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of

8    impairments which significantly limits [his or her] physical or mental ability to do

9    basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c),

10   416.920(c). At step three, the Commissioner compares the claimant's impairment to

11   severe impairments recognized by the Commissioner to be so severe as to preclude a

12   person from engaging in substantial gainful activity. 20 C.F.R. §§

13   404.1520(a)(4)(iii), 416.920(a)(4)(iii).

14   If the severity of the claimant's impairment does not meet or exceed the

15   severity of the enumerated impairments, the Commissioner must assess the

16   claimant's residual functional capacity (RFC), which is the claimant's ability to

17   perform physical and mental work activities on a sustained basis despite his or her

18   limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

19   At step four, the Commissioner considers whether, in view of the claimant's

20   RFC, the claimant is capable of performing work that he or she has performed in the

21

past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Ms. V. has not engaged in substantial gainful activity since December 31, 2020, the alleged onset date. Tr. 20. At step two, the ALJ found that Ms. V. has the following severe impairments: asthma, obesity, depression, anxiety, lumbar stenosis, and obstructive sleep apnea. Tr. 20.

At step three, the ALJ found that Ms. V. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 20. With respect to the RFC, the ALJ found Ms. V. has the capacity to perform light work except she is additionally limited to:

> frequent climbing ramps or stairs, balancing, stooping, occasional climbing ladders, ropes or scaffolds, kneeling, crouching, and

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 5

crawling. She can perform frequent right reaching overhead and all other directions. The claimant must avoid concentrated exposure of nonweather related extreme cold, nonweather related extreme heat, excessive industrial vibration, and avoid even moderate exposure to respiratory irritants, and hazards. Work is limited to simple routine tasks with no more than occasional changes in the work setting.

Tr. 22.

At step four, the ALJ found Ms. V. is unable to perform any past relevant work. Tr. 27. At step five, after considering and Ms. V.'s age, education, work experience, and the RFC, the ALJ found there are other jobs that exist in significant numbers in the national economy that Ms. V. can perform such as routing clerk, sales attendant, and office helper. Tr. 28.

Based on the adverse finding at step five, the ALJ determined that Ms. V. has not been under a disability, as defined in the Social Security Act, from December 31, 2020, through the date of the decision. Tr. 28.

ANALYSIS

The ALJ found that Ms. V.'s testimony regarding the intensity, persistence, and limiting effects of her symptoms is not consistent with the evidence in the record. Tr. 22-23. The ALJ also rejected medical opinion evidence from Anne Reed, ARNP, and Raylee Weaver-Jensen, Ph.D., PA-C, who both assessed disabling limitations. Ms. V. contends ALJ erred in rejecting her testimony and in evaluating the medical opinion evidence. The Court concludes that the ALJ's findings are not supported by substantial evidence and the ALJ committed reversible error.

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 6

1    **A.    Symptom Testimony**

2        A two-step process applies to an ALJ's assessment of a claimant's testimony

3    regarding subjective pain and symptoms. "First, the ALJ must determine whether

4    there is objective medical evidence of an underlying impairment which could

5    reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674

6    F.3d at 1112 (internal quotation marks omitted). Second, if there is such evidence

7    and there is no sign of malingering, the claimant's testimony should generally be

8    accepted unless there is clear and convincing evidence in support of rejection. *See*

9    *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). "[T] he ALJ can only reject

10    the claimant's testimony about the severity of the symptoms if [the ALJ] gives

11    'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763

12    F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General

13    findings are insufficient; rather, the ALJ must identify what testimony is not credible

14    and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v.*

15    *Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

16        Here, although the ALJ agreed with Ms. V. that her "medically determinable

17    impairments could reasonably be expected to cause [her] alleged symptoms," the

18    ALJ rejected Ms. V.'s testimony regarding the severity of her symptoms, reasoning

19    that they were "not entirely consistent with the medical evidence and other

20    evidence in the record." Tr. 22-23.

21

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 7

1    According to the Commissioner, the ALJ gave three reasons for discounting

2    Ms. V.'s symptom testimony. ECF No. 10 at 5-18. First, the Commissioner asserts

3    "the ALJ found that [Ms. V.'s] subjective complaints conflicted with the medical

4    evidence." ECF No. 10 at 5 (citing Tr. 23-27). However, the Court identifies no

5    such finding in the ALJ's decision. The ALJ summarized medical records but

6    provided no analysis of any potential conflict in the evidence. The Court is

7    constrained to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v.*

8    *Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48

9    (9th Cir. 2001). Although the ALJ summarized the medical record, providing a

10   summary of medical evidence in support of a residual functional capacity finding is

11   not the same as providing clear and convincing reasons for finding the claimant's

12   symptom testimony unsupported. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th

13   Cir. 2015). Here, the ALJ did not identify any conflicts between the medical

14   evidence and Ms. V.'s testimony. This is not a clear and convincing reason for

15   discounting her symptoms statements.

16   Second, the ALJ found that Ms. V. engaged in activities that undermine her

17   subjective complaints. Tr. 25. The ALJ described some of Plaintiff's testimony, then

18   stated:

19       The claimant's activity level is greater than that report[ed] to
         the consultative examiners in which she alleged needing
20       assistance from her family members to perform daily activities.
         Instead, as per her testimony, she acted as a caregiver, a full-

21

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 8

1
2

> time babysitter, and is able to drive to another state by driving
> herself. The claimant's activity level does not support a need
> for functional limitations not already included in the RFC.

3   Tr. 25. There are several problems with this analysis. First, Ms. V. testified that her

4   activities as caregiver and babysitter occurred before the alleged onset date, Tr. 45-

5   49, and therefore those activities are not inconsistent with her allegations of

6   disabling limitations.[3] Tr. 45-49. Second, Ms. V. testified that "[w]e drove" to

7   California for a two-week visit with her friend whose son has cancer and there is no

8   indication that she was the primary or sole driver. Tr. 61. Even so, while travel may

9   in some instances be inconsistent with disability, the ALJ identified nothing in Ms.

10  V.'s testimony indicating that driving or riding to California is inconsistent with her

11  allegations of limitations due to asthma.

12

13

---

14  [3] The Commissioner contends that "at least some of it went on after [her

15  alleged onset date], because she was paid $3000 for ongoing care services by the

16  state in 2021."  ECF No. 10 at 6 (citing Tr. 45); *see* Tr. 302. Regardless, the ALJ

17  found Ms. V. did not engage in substantial gainful activity after her alleged onset

18  date of December 31, 2020. Tr. 20. Additionally, she testified that she was

19  watching her grandkids in 2021, but she could not handle it and told her daughter

20  to find someone else. Tr. 46.

21

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 9

The Commissioner also contends that Ms. V.'s testimony regarding caring for pets in the home is "a likely pulmonary irritant."  ECF No. 10 at 6; Tr. 647. Although the ALJ mentioned Ms. V.'s pets, the ALJ did not draw any conclusion or make any analysis of them related to Ms. V.'s limitations. Tr. 25. Additionally, the medical record cited by the Commissioner mentions Ms. V.'s pets but does not identify them as a source or exacerbator of her symptoms. Tr. 647. The medical evidence does not support this conclusion which, in any event, was not made by the ALJ.

Third, the ALJ found that the record shows a "history of noncompliance" and that when Ms. V. was compliant, "her function improved."  Tr. 25. In support, the ALJ cited the entire 71-page Exhibit 18F as evidence of both noncompliance and compliance. Tr. 25. Having reviewed Exhibit 18F, the Court finds this conclusion is neither obvious nor supported by substantial evidence. The records note that in August 2022, Ms. V.'s asthma was "poorly controlled" with numerous symptoms and that she had been "faithful" with her medications "for years." Tr. 641. In January 2023, she was continuing her asthma medication yet had poorly controlled severe persistent asthma which was "very easily flared" by household cooking (Tr. 646, 663); in February 2023, she was consistent with asthma medication as ordered (Tr. 647); and was also compliant with medication in May 2023 (Tr. 641). The Court notes one record from September 2022 indicating Ms. V. reported she was not able

to get a Spiriva refill from the pharmacy in a timely manner. She had increased allergy symptoms and coughing due to wildfire smoke, but she was able to increase albuterol use in the meantime. Tr. 675. This does not establish a "history of noncompliance" in the record.

As further evidence of noncompliance, the ALJ cited a July 2022 emergency room record for an acute asthma exacerbation wherein Ms. V. reported that she had been having shortness of breath for the previous 1-2 weeks and had needed to use her inhaler several times per day. She had not taken her Advair for four days because she lost it. Tr. 733-34. One instance of losing medication does not reasonably demonstrate noncompliance with treatment.

Other evidence cited by the ALJ involved an emergency room visit in March 2023 due to throat pain and feeling like her throat was closing for one week. Tr. 801. She had taken a dose of epinephrine pen but not a dose of her asthma medication that day. Tr. 801. There is no evidence in the record suggesting her symptoms which had been occurring for one week were caused by not taking her asthma medication on the day she sought treatment. This does not reasonably support a finding of noncompliance.

The Commissioner also cites other records purportedly suggesting noncompliance with CPAP treatment. ECF No. 10 at 7 (citing Tr. 641, 646-47, 658, 702). The ALJ noted that Ms. V. was not on CPAP, Tr. 24-25 (citing *e.g.*, Tr. 523,

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 11

682), but the record also indicates that she "could not get a PAP paid for by insurance, and could not afford to purchase cash. She has gone without." Tr. 654; *see also* Tr. 523 ("at the time she was diagnosed her insurance did not cover it"). Disability benefits may not be denied because of the claimant's failure to obtain treatment she cannot obtain for lack of funds. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). Additionally, the ALJ acknowledged that Ms. V.'s insurance did not approve her for CPAP until May 2023, and she testified that she finally got one in June 2023. Tr. 25 (citing Tr. 785-92). The CPAP records do not support a finding of a history of noncompliance.

The ALJ failed to provide any legally sufficient reasons supported by substantial evidence for discounting Ms. V.'s symptom testimony. As such, the matter must be remanded.

**B.    Medical Opinions**

Ms. V. contends the ALJ failed to properly consider the opinions of Anne Reed, ARNP, and Raylee Weaver-Jensen, Ph.D., PA-C. The regulations provide that an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c, 416.920c. Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 12

C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see* 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

### 1. Raylee Weaver-Jensen, Ph.D., PA-C

In May 2022, Ms. Weaver-Jensen completed a Medical Report form and listed diagnoses of severe persistent asthma and major depressive disorder. Tr. 535-37. She opined that Ms. V. needs to lie down during the day and the Ms. V. is "[u]nable to exert self for most of waking hours." Tr. 535. She indicated that work on a regular and continuing basis would cause Ms. V.'s condition to deteriorate because she is unable to tolerate prolonged sitting or standing, and that she would miss four or more days of work per month. Tr. 536. Ms. Weaver-Jensen opined that Ms. V. is severely limited, or unable to meet the demands of full-time sedentary work. Tr. 536.

The ALJ found Ms. Weaver-Jensen's opinion unpersuasive. Tr. 25. With regarding to consistency, the ALJ found the opinion is "inconsistent with the longitudinal record that shows the claimant's history of non-compliance."  Tr. 25. As discussed above, the ALJ's finding of a history of noncompliance is not supported by substantial evidence. The ALJ also found that Ms. V.'s activity level as caregiver, childcare provider, and driving to California indicates that she is more capable than opined. Tr. 25. As discussed above, the ALJ's finding regarding Ms.

V.'s activity level is not supported by substantial evidence. Because the ALJ's reasons for finding Ms. Weaver-Jensen's opinion unpersuasive are not based on substantial evidence, the ALJ's finding is legally insufficient.

### 2. Anne Reed, ARNP

In March 2022, Ms. Reed completed a physical evaluation and listed diagnoses of severe asthma, allergy induced asthma and allergic rhinitis causing asthma exacerbations, sleep apnea, and memory loss. Tr. 522-31. She opined Ms. V. is limited to less than two hours standing/walking; she can sit at least four to six hours; lifting and carrying is limited to less than 10 pounds occasionally and frequently; she can never climb, occasionally balance, stoop, kneel, crouch, and crawl; she can occasionally handle, finger, feel, and reach; and can never work at height or around heavy machinery, and she must never work around extreme temperature, chemical dust, fumes, or gases. Tr. 529.

Regarding consistency, the ALJ found the limitations assessed by Ms. Reed are inconsistent with Ms. V.'s history of medical noncompliance and activity levels based on caregiving, providing childcare, and driving to California. Tr. 26. As discussed above, the ALJ's reliance on medical noncompliance and Ms. V.'s activity levels are not based on substantial evidence and therefore legally insufficient.

Regarding supportability, the ALJ found the "extreme" limitations assessed by Ms. Reed are unsupported by her exam findings. Tr. 26. The Court does not reach

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 14

this portion of the ALJ's reasoning. Because the ALJ failed to properly consider Ms. V.'s testimony and the opinion of Ms. Weaver-Jensen, and because the ALJ's consistency finding is also based on error, the matter must be remanded for reconsideration and a new sequential evaluation.

## C.    Remedy

Ms. V. requests remand for immediate award of benefits. ECF No. 8 at 19. To do so, the Court must find the record has been fully developed and further administrative proceedings would not be useful. *Garrison*, 759 F.3d at 1019-20; *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, it is not clear from the record that the ALJ would be required to find Ms. V. disabled if the evidence was properly evaluated. Further proceedings are necessary for the ALJ to consider reconsider the medical opinion evidence and Ms. V.'s symptom testimony and conduct a new sequential evaluation.

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 15

CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly,

1.    Ms. V.'s Brief, **ECF No. 8**, is **GRANTED**.

2.    Defendant's Brief, **ECF No. 10**, is **DENIED**.

3.    This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** June 26, 2025.

REBECCA L. PENNELL
United States District Judge

ORDER REVERSING AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS ~ 16